UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Gerald Durling, on behalf of himself and others similarly situated, | Civil Action No.: |
| Plaintiff, | CLASS ACTION COMPLAINT |
| v. | JURY TRIAL DEMANDED |
| Credit Corp Solutions Inc., | |
| Defendant. | |

**Nature of Action**

1. Gerald Durling ("Plaintiff") brings this class action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, for the benefit of Florida consumers whose private, debt-related information Credit Corp Solutions Inc. ("Defendant") disclosed to an unauthorized third party, in connection with the collection of consumer debts.

2. Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.*, § 1692(a).

3. As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—once explained, "[h]armful debt collection practices remain a

1

significant concern today. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

4. Pertinent here, section 1692c(b) of the FDCPA, titled "Communication with third parties," states:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b).

5. The provision that section 1692c(b) cross-references—section 1692b—governs the manner in which a debt collector may communicate "with any person other than the consumer for the purpose of acquiring location information." 15 U.S.C. § 1692b.

6. The FDCPA thus broadly prohibits a debt collector from communicating with anyone other than the consumer "in connection with the collection of any debt," subject to several carefully crafted exceptions—some enumerated in section 1692c(b), and others in section 1692b—none of which are applicable here.

7. Despite this prohibition—one designed to protect consumers' privacy—debt collectors, including Defendant, often send information regarding consumers' alleged debts to third-party mail vendors.

8. These third-party mail vendors use information provided by debt collectors—such as a consumer's name, the name of the creditor to whom a debt is allegedly owed, the name of an

---

[1] See Brief for the CFPB as Amicus Curiae, ECF No. 14, p. 10, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf (last visited May 3, 2021).

original creditor, and the amount of an alleged debt—to fashion, print, and mail debt collection letters to consumers.

9. This unnecessary practice exposes private information regarding alleged debts to third parties not exempted by the FDCPA.

10. Upon information and belief, Defendant routinely provides, in connection with the collection of consumer debts, protected information regarding consumer debts to third-party mail vendors in violation of the FDCPA.

11. Plaintiff therefore seeks relief for himself and on behalf of similarly situated Florida consumers to whom Defendant sent debt collection letters that were prepared, printed, or mailed by a third-party mail vendor.

## Parties

12. Plaintiff is a natural person who at all relevant times resided in Broward County, Florida.

13. Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, an original creditor other than Defendant.

14. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, an automobile loan (the "Debt").

15. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

16. Defendant is a Delaware corporation with its principal office located in Draper, Utah.

17. Defendant's website includes the following notice: "Please understand that Credit Corp Solutions is a debt collector. Any communications with consumers by Credit Corp Solutions is an attempt to collect a debt and any information obtained will be used for that purpose."[2]

18. Additionally, Defendant's website states: "If you've heard from us it's likely because Credit Corp has bought your past-due debt from a bank, finance, telecommunications or utility company. This means that you now owe the outstanding balance to Credit Corp."[3]

19. Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

20. Upon information and belief, at the time Defendant attempted to collect the Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it were in default from the time that Defendant acquired it for collection.

21. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

22. Defendant identified itself as a debt collector in correspondence to Plaintiff.

23. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### Jurisdiction and Venue

24. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

25. Venue is proper before this Court under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claims occurred in this district.

---

[2] *See* https://www.creditcorponline.com/ (last visited May 10, 2021).

[3] *Id.* (last visited May 10, 2021).

**Factual Allegations**

26. On or about January 21, 2021, Defendant caused a written communication to be sent to Plaintiff in connection with the collection of the Debt.

27. A true and correct copy of the January 21, 2021 communication to Plaintiff is attached, in redacted form, as Exhibit A.

28. The January 21, 2021 letter disclosed the balance of the Debt. Ex. A.

29. The January 21, 2021 letter identified the creditors to whom Defendant alleged the Debt is and was owed. *Id*.

30. The January 21, 2021 letter identified additional information regarding the Debt, including a reference number and a truncated original account number, as well as Plaintiff's home address. *Id*.

31. Defendant did not print the January 21, 2021 letter.

32. Indeed, "over 85 percent of debt collectors surveyed by the [CFPB] reported using letter vendors."[4]

33. Rather, in connection with the collection of a consumer debt, Defendant provided information regarding Plaintiff and the Debt, including Plaintiff's name, address, the amount of the Debt, and other private details regarding the Debt, to a third-party mail vendor.

34. The third-party mail vendor then printed the January 21, 2021 communication and sent it to Plaintiff.

35. The return address on the January 21, 2021 communication does not match Defendant's address.

---

[4] *See* https://www.federalregister.gov/documents/2019/05/21/2019-09665/debt-collection-practices-regulation-f#citation-749-p23396 at n. 749 (last visited May 10, 2021).

36. The return address on the January 21, 2021 communication includes a P.O. Box in Southgate, Michigan that is associated with Renkim Corp. ("Renkim"), a third-party mail vendor.

37. Renkim maintains its corporate office in Southgate, Michigan and offers comprehensive print and mail services.[5]

38. Renkim touts that it "has provided compliant, cost-effective print and electronic document delivery services for over 30 years in the ARM Industry," and that it "will provide each partner the flexibility to create custom designed communications that are tailored to their needs, increase profitability and decrease risk."[6]

39. Renkim also advertises its membership with The Association of Credit and Collection Professionals (also known as ACA International).[7]

40. Plaintiff did not provide Defendant prior express consent to communicate, in connection with the collection of the Debt, with Renkim or any other third-party mail vendor

41. Renkim printed the January 21, 2021 communication sent to Plaintiff.

42. Renkim mailed the January 21, 2021 communication to Plaintiff.

## Class Action Allegations

43. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of:

> All persons (a) with a Florida address, (b) to which Credit Corp Solutions Inc. sent, or caused to be sent, a written debt collection communication, (c) in connection with the collection of a consumer debt, (d) in the one year preceding the date of this complaint through the date of class certification, (e) that was prepared or mailed by a third-party vendor.

---

[5] https://www.renkim.com/core-competency/print-mail/ (last visited May 6, 2021).

[6] https://www.renkim.com/industries-served/receivables-management/ (last visited May 6, 2021).

[7] *Id.*

44. Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

45. The class satisfies Rule 23(a)(1) because, upon information and belief, it is so numerous that joinder of all members is impracticable.

46. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

47. The class is ascertainable because it is defined by reference to objective criteria.

48. In addition, upon information and belief, the names and addresses of all members of the proposed class can be identified through business records maintained by Defendant.

49. The class satisfies Rules 23(a)(2) and (3) because Plaintiff's claims are typical of the claims of the members of the class.

50. To be sure, Plaintiff's claims and those of the members of the class originate from the same practice utilized by Defendant—the communication with and sending of personal, private information regarding alleged debts to a third-party mail vendor—and Plaintiff thus possesses the same interests and has suffered the same injuries as each member of the class.

51. Plaintiff satisfies Rule 23(a)(4) because he will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

52. Plaintiff has no interests that are contrary to or in conflict with the members of the class that he seeks to represent.

53. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since, upon information and belief, joinder of all members is impracticable.

54. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation could make it impracticable for the members of the class to individually redress the wrongs done to them.

55. There will be no unusual difficulty in the management of this action as a class action.

56. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

57. Among the issues of law and fact common to the class:

   a. Defendant's violations of the FDCPA as Plaintiff alleges;

   b. whether Defendant is a debt collector as defined by the FDCPA;

   c. whether Defendant's communications with third-party mail vendors regarding consumers' alleged debts violate the FDCPA;

   d. the availability of declaratory relief;

   e. the availability of actual damages and statutory penalties; and

   f. the availability of attorneys' fees and costs.

58. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

**Count I: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(b)**

59. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 58 above.

60. Pertinent here, the FDCPA at 15 U.S.C. § 1692c(b) provides that "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

61. By communicating regarding the Debt, including by disclosing, among other things, the existence of the Debt, the amount owed, Plaintiff's home address, and the alleged creditor, with a third-party mail vendor, Defendant violated 15 U.S.C. § 1692c(b). *See Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, --- F.3d ----, 2021 WL 1556069 (11th Cir. Apr. 21, 2021).

62. The harm Plaintiff suffered is particularized in that Defendant communicated with a third-party vendor regarding the Debt.

63. And the violation of Plaintiff's right not to have him private information shared with third parties is a concrete injury sufficient to confer standing.

64. To be sure, the harm Plaintiff alleges here—disclosure of private information of a personal, sensitive nature to third-party vendors—is precisely the type of abusive debt collection practice that the FDCPA was designed to prevent.

65. Additionally, by communicating with a third party in connection with the collection of the Debt, Defendant harmed Plaintiff by invading his privacy.

66. That is, by communicating with a third party in connection with the collection of the Debt, Defendant harmed Plaintiff by disclosing private facts about his debt.

WHEREFORE, Plaintiff respectfully requests relief and judgment as follows:

A. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B. Adjudging and declaring that Defendant violated 15 U.S.C. § 1692c(b);

C. Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;

D. Awarding members of the class actual damages incurred, as applicable, pursuant to 15 U.S.C. § 1692k;

E. Enjoining Defendant from future violations of 15 U.S.C. § 1692c(b) with respect to Plaintiff and the class;

F. Awarding Plaintiff and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

G. Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

H. Awarding other and further relief as the Court may deem just and proper.

## Jury Demand

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Dated:  May 11, 2021								Respectfully submitted,

/s/ Alexander D. Kruzyk
Alexander D. Kruzyk
Florida Bar No. 112052
GREENWALD DAVIDSON RADBIL PLLC
401 Congress Avenue, Suite 1540
Austin, TX  78701
Tel: (512)-803-1578
akruzyk@gdrlawfirm.com

Jesse S. Johnson
Florida Bar No. 69154
GREENWALD DAVIDSON RADBIL PLLC
7601 N. Federal Hwy., Suite A-230
Boca Raton, FL 33487
Tel: (561) 826-5477
jjohnson@gdrlawfirm.com

Matthew Bavaro
Florida Bar No. 175821
Loan Lawyers
3201 Griffin Road, Suite 100
Ft. Lauderdale, FL 33312
Tel: (954) 523-4357
Matthew@Fight13.com

*Counsel for Plaintiff and the proposed class*